NAILAH K. BYRD
1200 Ontario
Cleveland, OH 44113

Case# CV22963889

RETURN RECEIPT REQUESTED ELECTRONICALLY



9314 8001 1300 3546 7226 50

SANTANDER CONSUMER USA INC.
IN C/O ITS STATUTORY AGENT CT
CORPORATION SYSTEM
4400 EASTON COMMONS WAYS
SUITE 125
COLUMBUS OH 43219

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

TAYSHAWNA ROGERS
**Plaintiff**

V.

SERPENTINI CHEVROLET OF WILLOUGHBY HILLS, ET AL.
**Defendant**

**CASE NO.** CV22963889

**JUDGE** WILLIAM F. B. VODREY

# SUMMONS  SUMC  CM

**Notice ID:** 47676636

| From: | TAYSHAWNA ROGERS        P1 |
|---|---|
|   | 1961 WYANDOTTE ROAD |
|   | EUCLID OH 44117 |

| Atty.: | LAWRENCE R BACH |
|---|---|
|   | 50 S. MAIN ST. |
|   | AKRON, OH 44308-0000 |

| To: | SANTANDER CONSUMER USA INC.        D2 |
|---|---|
|   | IN C/O ITS STATUTORY AGENT CT |
|   | CORPORATION SYSTEM |
|   | 4400 EASTON COMMONS WAYS |
|   | SUITE 125 |
|   | COLUMBUS OH 43219 |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

By_____
Deputy

Date Sent: 05/31/2022

CMSN130



# Cuyahoga County Clerk of Courts
# Nailah K. Byrd

**Multilingual Notice:**

You have been named as a defendant in this Court. You must file an answer within 28 days; if you fail to answer, the Court may enter judgment against you for the relief stated in the Complaint. Seek assistance from both an interpreter and an attorney. Your inability to understand, write, or speak English will not be a defense to possible judgment against you.

1. **Spanish (US)**
   ***Aviso multilingüe:

   Este Tribunal lo ha declarado como acusado. Debe presentar una respuesta en un plazo de 28 días. Si no contesta en dicho plazo, el Tribunal podrá dictar sentencia en su contra por el amparo que se detalla en la demanda. Solicite la ayuda de un intérprete y de un abogado. Su incapacidad para comprender, escribir o hablar inglés no se considerará como defensa ante una posible sentencia en su contra.

2. **Somali**
   ***Ogeysiis luqadda badan ah:

   Waxaa laguu magacaabay sida eedeysane gudaha Maxkamadan. Waa in aad ku soo gudbisaa jawaab 28 maalmood gudahood; haddii aad ku guuldareysto jawaabta, Maxkamada laga yaabo in ay gasho xukun adiga kaa soo horjeedo ee ka nasashada lagu sheegay Cabashada. Raadi caawinta ka timid labadaba turjubaanka iyo qareenka. Karti la'aantaada aad ku fahmo, ku qoro, ama ku hadasho Af Ingiriisiga ma noqon doonto difaacida xukunkaaga suuralka ah ee adiga kugu lidka ah.

3. **Russian**
   ***Уведомление на разных языках:

   Вы были названы в качестве ответчика в данном суде. Вы должны предоставить ответ в течение 28 дней; если Ваш ответ не будет получен, суд может вынести решение против Вас и удовлетворить содержащиеся в жалобе требования. Воспользуйтесь услугами переводчика и адвоката. Тот факт, что Вы не понимаете английскую речь и не можете читать и писать по-английски, не является препятствием для возможного вынесения судебного решения против Вас.

4. **Arabic**
   ***ملاحظة متعددة اللغات:

   لقد تم اعتبارك مدعى عليه في هذه المحكمة. يجب أن تقدم ردا خلال 28 يوما؛ وإذا لم تقم بالرد، فقد تصدر المحكمة حكما ضدك بالتعويض المنصوص عليه في هذه الشكوى القضائية. اطلب المساعدة من مترجم فوري ومحام. فلن تعد عدم قدرتك على فهم اللغة الإنجليزية أو كتابتها أو تحدثها دفاعا لك أمام الحكم المحتمل ضدك.

5. **Chinese (Simplified)**
   ***多語版本通知：

   您在本法庭已被列为被告。您必须于28日内递交答辩状；如果没有递交答辩状，法庭会针对诉状中声明的补救措施对您作出不利判决。请向口译人员和律师寻求帮助。您无法理解、书写或说英语的情况不能作为对您可能作出不利判决的辩护理由。



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
May 24, 2022 20:03

By: RONALD I. FREDERICK 0063609

Confirmation Nbr. 2558892

| | |
|---|---|
| TAYSHAWNA ROGERS | CV 22 963889 |
| vs. | Judge: WILLIAM F. B. VODREY |
| SERPENTINI CHEVROLET OF WILLOUGHBY HILLS, ET AL. | |

Pages Filed: 12

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY

| | | |
|---|---|---|
| TAYSHAWNA ROGERS<br>1961 Wyandotte Road<br>Euclid, OH 44117<br><br>        Plaintiff,<br><br>vs.<br><br>SERPENTINI CHEVROLET OF<br>WILLOUGHBY HILLS<br>In c/o Its Statutory Agent<br>SG of Willoughby Hills LLC<br>15303 Royalton Road<br>Strongsville, OH 44136<br><br>        and<br><br>SANTANDER CONSUMER USA INC.<br>In c/o Its Statutory Agent<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO:<br><br>**COMPLAINT**<br><br><br><br>(Jury Demand Endorsed Herein) |

NOW COMES Plaintiff Tayshawna Rogers, by and through the undersigned counsel, and brings her Complaint against Defendant Serpentini Chevrolet of Willoughby Hills for deceptive and unconscionable acts, and violations of TILA and RISA, in selling a vehicle to Plaintiff. More specifically, Plaintiffs alleges as follows:

## PARTIES

1. Plaintiff Tayshawna Rogers (hereinafter "Plaintiff" or "Ms. Rogers") resides at 1961 Wyandotte Road, in Euclid OH 44117.

2. Ms. Rogers is a "consumer" as that term is defined in R.C. §1345.01(D).

3. Defendant Serpentini Chevrolet of Willoughby Hills (hereinafter "Serpentini") is in the business of selling motor vehicles to consumers for their personal and household use and its dealership is located at 2810 Bishop Road, in Willoughby Hills.

4. Serpentini is a "supplier" pursuant to R.C. § 1345.01(C) and a "dealer" pursuant to OAC § 109: 4-3-16(A)(1) "engaged in the business of selling and offering for sale" motor vehicles.

5. Defendant Santander Consumer USA Inc ("Santander") is the assignee on the Retail Installment Sale Contract ("RISC") executed between Ms. Rogers and Serpentini. *See* Exhibit 2, RISC.

6. Santander is a foreign corporation registered with the Ohio Secretary of State to do business in Ohio.

## JURISDICTION AND VENUE

7. Serpentini advertised its vehicles online for consumers to view, including those like Ms. Rogers, residing in Cuyahoga County.

8. Serpentini's representations and unlawful acts caused tortious injury within the territorial limits of this Court, and the relevant laws at issue provide Ms. Rogers with a private cause of action and permit Ohio courts of competent jurisdiction to hear her claims.

## FACTS

9. On May 24, 2021, Ms. Rogers visited Serpentini's dealership in Willoughby Hills to trade in her Chevrolet for a newer vehicle but within her budget.

10. Serpentini offered her the 2018 Hyundai Santa Fee with VIN#5XYZT3LB6JG530658 (the "Hyundai"), which Serpentini promised to have cleaned and put through a multi-point inspection prior to delivery.

11. Serpentini also agreed to accept her trade-in for a fair value.

12. Serpentini did not provide a Buyers Guide/sticker on the Hyundai.

13. Ms. Rogers agreed to purchase the Hyundai and executed the transaction for the price of $17,895.00. Exhibit 1, Retail Buyers Order.

14. After purchasing the Hyundai, Ms. Rogers discovered that Serpentini had added costly products, including $999.00 for "AWS GAP" and $1,499.00 for "Tire and Wheel" that she did not know about or want.

15. Further, Serpentini only provided her $1,000.00 for her 2014 Chevrolet Cruze.

16. Serpentini's addition of these products amounted to an undisclosed finance charge in violation of the federal Truth In Lending Act and Ohio's usury provision.

17. Serpentini committed acts and practices declared unfair and deceptive by substantive rules adopted under the Ohio Administrative Code, under the provisions of Ohio's Consumer Sales Practices Act, and by courts of Ohio.

18. Ms. Rogers seeks recovery under the CSPA, RISA, TILA, and all other remedies available to her.

### CSPA Violations
Violation of CSPA: R.C. § 1345.02 and § 1345.03

19. Ms. Rogers realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

20. The Ohio Consumer Sales Practices Act ("CSPA"), R.C. § 1345.02(A) prohibits a supplier generally from engaging in unfair and deceptive acts in connection with a consumer transaction, before, during, and after the transaction, including representing that (B)(1) "the subject of a consumer transaction has benefits that it does not have" or (B)(2) that it "is of a particular standard, quality, grade, style, prescription, or model, if it is not".

21. Serpentini misrepresented that she was being sold a Hyundai for the price offered. However, Serpentini packed on a $999.00 cost for a GAP contract and another $1499.00 for GAP when Ms. Rogers did not even know what those products are.

22. Serpentini misrepresented what was the transaction consisted of, violating R.C. § 1345.02(A) and (B).

23. Serpentini failed to offer her the fair value for her trade-in vehicle.

24. Serpentini failed to display the Buyers Guide on the Hyundai, a violation of the CSPA.

25. Serpentini packed Ms. Rogers' transaction with undisclosed finance charges in violation of the federal Truth-In-Lending Act. Courts of Ohio have declared a violation of TILA to be an unfair and deceptive act in violation of the CSPA.

26. Serpentini committed usury when accounting for the unwanted charges, in violation of Ohio's Retail Installment Sales Act, as described herein. Courts of Ohio have declared a violation of RISA to be an unfair and deceptive act in violation of the CSPA.

27. Serpentini's unfair and deceptive, and unconscionable acts in violation of the CSPA are the proximate cause of the damages suffered by Ms. Rogers, who requests full recovery as provided for under R.C. § 1345.09.

### **TILA Violation**

28. Ms. Rogers alleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

29. Congress enacted the Truth-In-Lending Act ("TILA") to assure credit terms are meaningfully disclosed to consumers so they make informed choices when using credit.

30. TILA, 15 USC § 1638, requires creditors to accurately disclose the financial terms, including the finance charge for the transaction.

31. Serpentini packed the transaction with costly and unwanted products to raise the cost of the transaction on Ms. Rogers, and failed to disclose the costs as part of the finance charge, in violation of TILA.

32. Serpentini's violation of TILA is the proximate cause of the damages suffered by Ms. Rogers and she seeks full recovery.

### RISA Violation

33. Ms. Rogers realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

34. An interest rate above 25.00% per annum on a consumer credit contract is usurious pursuant to RISA, § 1317.061.

35. When these packed on charges are properly disclosed as part of the finance charge, the annual percentage rate on the transaction exceeded the 25% allowable limit, in violation of RISA.

36. Ms. Rogers has suffered due to Serpentini's unlawful acts and she seeks full recovery.

### Derivative Liability
(FTC Holder Rule-Derivative Liability)
Santander

37. Ms. Rogers realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

38. The Retail Installment Sale Contract, Exhibit 2, contains the following clause:

> "NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF."

39. Defendant Santander has derivative liability to Ms. Rogers if there is a finding of fact that Serpentini violated any law.

### PRAYER FOR RELIEF

WHEREFORE, Ms. Rogers respectfully pray for judgment against Serpentini as follows:

A. judgment for the actual damages suffered by Ms. Rogers;

B. issuance of a declaratory judgment declaring that the acts and practices complained of herein are unlawful, unfair, deceptive and/or unconscionable;

C. an order preliminarily and permanently enjoining Serpentini from engaging in the practices challenged herein;

D. an order of restitution and/or disgorgement in an amount to be determined at trial;

E. pre-judgment interest and post-judgment interest to the extent permitted by law;

F. an order for an appropriate amount of punitive damages to be determined at trial;

G. statutory damages, costs, and attorney's fees pursuant to RISA, TILA and the CSPA; and

H. any other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

/s/Ronald I. Frederick
Ronald Frederick (#0063609)
Michael L. Berler (#0085728)
Lawrence R. Bach (#0021205)
Jacquelyn Frederick (#0080953)
Frederick & Berler LLC
767 East 185th Street
Cleveland OH 44119
(216) 502-1055 (phone)
(216) 566-0750 (fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
michaelf@clevelandconsumerlaw.com
jacquelynf@clevelandconsumerlaw.com
*Attorneys for Ms. Rogers*

Plaintiff requests a jury of the maximum number of jurors allowed by law.

/s/Ronald I. Frederick
Ronald I. Frederick
Frederick & Berler, LLC
*One of the Attorneys for Ms. Rogers*

Exhibit 1

**228006**
**RETAIL BUYERS ORDER**
SERPENTINI CHEVROLET OF WILLOUGHBY HILLS
2810 BISHOP RD
WILLOUGHBY HILLS, OH 44092
440/585 9300

PURCHASER: TAYSHAWNA ROGERS
ADDRESS: [redacted]
CITY: [redacted]
RES. PHONE: [redacted]
BUS. PHONE:
E-MAIL: [redacted]
DATE: 05/24/2021
MOBILE NO.: [redacted]

DEAL NO. 67288  CUSTOMER NO. 663009

PLEASE ENTER MY ORDER FOR THE FOLLOWING DESCRIBED
MOTOR VEHICLE: [ ] NEW [X] USED [ ] DEMO [ ] RENTAL [ ] FACTORY OFFICIAL
MILEAGE ON PURCHASED VEHICLE: 60364 — Accurate Unless Marked Not Accurate  [ ] NOT ACCURATE

VEHICLE SOLD:

| MAKE | YEAR | MODEL | BODY TYPE | COLOR | TRIM | STK NO. | SERIAL NO. |
|---|---|---|---|---|---|---|---|
| HYUNDAI | 2018 | SANTE FE | WG | RED |  | 2760T | 5XYZT3LB6JG530658 |

**TRADE IN RECORD - TRADE 1**

| YEAR | MAKE | MODEL | TYPE |
|---|---|---|---|
| 2014 | CHEVROLET | CRUZE | 6D |

VIN #: 1 G 1 P A 5 S H 7 E 7 4 3 0 8 6 5
MILEAGE: (Accurate Unless Marked Not Accurate) [ ] NOT ACCURATE  125219  Salvage Vehicle? [ ] YES
BALANCED OWED $ N/A   (Good Until _____ ) Trade-In Allowance 1000.00

**TRADE IN RECORD - TRADE 2**

| YEAR | MAKE | MODEL | TYPE |
|---|---|---|---|
|  |  |  |  |

VIN #:
MILEAGE: (Accurate Unless Marked Not Accurate) [ ] NOT ACCURATE   Salvage Vehicle? [ ] YES
BALANCED OWED $ N/A   (Good Until _____ ) Trade-In Allowance N/A
REMARKS:

| Item | Amount |
|---|---|
| PRICE OF VEHICLE | $ 17865.00 |
| OTHER GOODS AND SERVICES | N/A |
|  | N/A |
| AWS GAP | 999.00 |
| TIRE AND WHEEL | 1499.00 |
| N/A | N/A |
| DOCUMENTARY SERVICE FEE | 250.00 |
| TOTAL PRICE | 20613.00 |
| TRADE-IN ALLOWANCES | ( 1000.00 ) |
| TAX BASE | 19613.00 |
| SALES TAX 8.0000 % | 1649.04 |
| TITLE FEE | 15.00 |
| REGISTRATION FEE | 20.00 |
| PLUS PAYOFF ON TRADE VEHICLE(S) | N/A |
| TOTAL DUE | 21297.04 |
| LESS INITIAL PAYMENT CASH DOWN | $ 292.00 |
| LESS REBATE/FACTORY INCENTIVE | N/A |
| LESS REBATE/FACTORY INCENTIVE | N/A |
| BALANCE DUE | $ 21005.04 |

**DEPOSIT (PARTIAL PAYMENT) RECEIPT** - Purchaser hereby provides to the Dealer the sum of $ 292.00 as Non-Refundable Deposit/Partial Payment for the vehicle described above. If this Receipt is for a Deposit, Dealer will refrain from selling the described vehicle for ___ days from the date of Deposit.
X [signature]

**NEGATIVE EQUITY DISCLOSURE & CONSENT** - I am aware that the balance owed on my trade-in vehicle or the amount owed on my lease turn in vehicle exceeds the trade-in allowance from the dealer. As a result, I have requested that the "Total Due" be increased by the difference, $ N/A (known as negative equity). X

**ARBITRATION** - I agree that any dispute arising from this transaction will go to arbitration and I have executed a detailed arbitration agreement which is fully incorporated herein. Arbitration is not required for the purchase or financing of your vehicle.
X [signature]

ALL WARRANTIES, IF ANY, BY A MANUFACTURER OR SUPPLIER OTHER THAN DEALER ARE THEIRS, NOT DEALER'S, AND ONLY SUCH MANUFACTURER OR OTHER SUPPLIER SHALL BE LIABLE FOR PERFORMANCE UNDER SUCH WARRANTIES. UNLESS DEALER FURNISHES PURCHASER WITH A SEPARATE WRITTEN WARRANTY OR SERVICE CONTRACT MADE BY DEALER ON ITS OWN BEHALF, DEALER HEREBY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE IN CONNECTION WITH THE VEHICLE AND ANY RELATED PRODUCTS AND SERVICES SOLD BY DEALER. DEALER NEITHER ASSUMES NOR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF THE VEHICLE AND THE RELATED PRODUCTS AND SERVICES. IN THE EVENT THAT A WRITTEN WARRANTY IS PROVIDED BY DEALER OR A SERVICE CONTRACT IS SOLD BY DEALER ON ITS OWN BEHALF, ANY IMPLIED WARRANTIES ARE LIMITED IN DURATION TO THE TERM OF THE WRITTEN WARRANTY/SERVICE CONTRACT.

CONTRACTUAL DISCLOSURE STATEMENT (USED VEHICLES ONLY) THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE. GUÍA PARA COMPRADORES DE VEHÍCULOS USADOS. LA INFORMACIÓN QUE APARECE EN LA VENTANILLA DE ESTE VEHÍCULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACIÓN CONTENIDA EN EL FORMULARIO DE LA VENTANULA ANULA CUALQUIER PREVISION QUE ESTABLEZCA LO CONTRARIO Y QUE APAREZCA EN EL CONTRATO DE VENTA.

If the purchase of the motor vehicle described herein is to be financed this agreement is subject to credit approval and assignment of a retail installment sales contract to a financial institution, and the Annual Percentage Rate (APR) may be negotiated with dealer and dealer may receive compensation for arranging financing on customer's behalf. These documents are fully incorporated herein (where applicable): Conditional/Spot Delivery Agreement, We Owe/Delivery Report, Used Vehicle Limited Warranty and Retail Installment Sales Contract.

NO ORAL REPRESENTATIONS HAVE BEEN MADE TO THE PURCHASER and all terms of the agreement are contained on the front and back of this agreement and any documents incorporated herein. I have read the terms and conditions of this Agreement, both on front and back, and agree to them. I certify that I am at least 18 years old, and acknowledge receipt of a copy of this agreement.
I UNDERSTAND THAT THIS RETAIL BUYERS ORDER IS NOT BINDING UNLESS ACCEPTED BY DEALER OR HIS AUTHORIZED AGENT.

This motor vehicle contract is executed this 24th day of May, 2021.

PURCHASER(S): [signature] TAYSHAWNA ROGERS
SALESPERSON: ARRENDONDO-LARA, PABLO M
ACCEPTED BY AUTHORIZED AGENT: [signature]

© Copyright Greater Cleveland Automobile Dealers' Association (GCADA) - 866-740-2886

## ADDITIONAL TERMS AND CONDITIONS

1. AS USED IN THIS AGREEMENT THE TERMS "DEALER" SHALL MEAN THE PERSON OR COMPANY TO WHOM THIS AGREEMENT IS ADDRESSED AND WHO SHALL BECOME A PARTY TO THIS AGREEMENT BY ITS ACCEPTANCE; "I", "PURCHASER" AND/OR "PURCHASER(S)" SHALL MEAN THE PARTY/ PARTIES INITIATING THIS AGREEMENT AS STATED ON THE FACE OF THE AGREEMENT; 'MANUFACTURER" SHALL MEAN THE CORPORATION THAT MANUFACTURED THE VEHICLE OR CHASSIS. IT BEING UNDERSTOOD, BY THE PURCHASER AND DEALER THAT DEALER IS IN NO RESPECT THE AGENT OF THE MANUFACTURER, DEALER AND PURCHASER (ALONG WITH ANY CO-PURCHASERS) ARE THE SOLE PARTIES TO THE AGREEMENT AND ANY REFERENCE TO THE MANUFACTURER IS FOR THE PURPOSE OF EXPLAINING GENERALLY CERTAIN CONTRACTUAL RELATIONSHIPS EXISTING BETWEEN THE DEALER AND MANUFACTURER. 'DOCUMENT" AND "AGREEMENT" SHALL MEAN THIS RETAIL BUYERS ORDER PLUS ANY OTHER WRITING RELATIVE IN ANY WAY TO THE PURCHASE TRANSACTION NOTED ON THE FACE OF THIS RETAIL BUYERS ORDER.

2. PURCHASER AGREES TO PAY THE BALANCE ON THE TERMS SPECIFIED AND ACCEPT DELIVERY OF VEHICLE WITHIN FORTY-EIGHT (48) HOURS AFTER BEING NOTIFIED THAT SAID VEHICLE IS READY, FAILURE TO TIMELY ACCEPT DELIVERY BY PURCHASER OF VEHICLE SHALL GIVE DEALER THE RIGHT TO DISPOSE OF ANY VEHICLE TRADED IN, TREATING ANY CASH CONSIDERATION RECEIVED AS A DEPOSIT AND RETAINING SAME, AND AT DEALER'S OPTION, THE RIGHT TO RETAIN ANY DEPOSIT AND TO PURSUE ANY OTHER REMEDY AVAILABLE UNDER LAW. IF DEALER PAID ANY NEGATIVE EQUITY BALANCE ON THE TRADE VEHICLE, OR VEHICLE WAS A LEASE TURN-IN AND DEALER HAS ALREADY PAID THE BALANCE OWED, PURCHASER SHALL PAY TO DEALER THE AMOUNT PAID ON PURCHASER'S BEHALF.

3. PURCHASER ACKNOWLEDGES THAT IF ANY TRADED-IN VEHICLE IS RETAINED BY PURCHASER UNTIL THE VEHICLE PURCHASED IS READY FOR DELIVERY THAT UPON DEMAND SAID VEHICLE WILL BE SURRENDERED TO DEALER.

4. IF AT THE TIME OF EXECUTION OF THIS ORDER, THE USED MOTOR VEHICLE TO BE TRADED IS NOT DELIVERED SIMULTANEOUSLY, SUCH USED MOTOR VEHICLE ALLOWANCE SHALL BE SUBJECT TO REAPPRAISAL AT TIME OF DELIVERY OF VEHICLE PURCHASED FOR PHYSICAL DAMAGES AND/OR CHANGES IN MARKET VALUATIONS. IF THERE IS ANY DISPUTE AS TO THE AMOUNT OF THE REAPPRAISAL TO DETERMINE THE USED VEHICLE ALLOWANCE, SAID DISPUTE SHALL BE SETTLED BY USING THE VALUE OF THE USED MOTOR VEHICLE AT TRADE-IN PRICE AS ESTABLISHED BY THE NATIONAL AUTOMOBILE DEALERS ASSOCIATION USED CAR GUIDE BOOK PUBLISHED EACH MONTH, FOR THE MONTH IN WHICH THE DISPUTE ARISES.

5. PURCHASER AGREES THAT IF THE ORDER CALLS FOR A NEW MOTOR VEHICLE IT IS SUBJECT TO ITS AVAILABILITY AND THAT DELIVERY TO THE PURCHASER WILL TAKE PLACE WITHIN A REASONABLE TIME AFTER SAID VEHICLE IS RECEIVED BY DEALER FROM THE MANUFACTURER. DEALER CANNOT AND DOES NOT REPRESENT THAT THE VEHICLE WILL BE OBTAINED FROM THE MANUFACTURER WITHIN A SPECIFIED TIME.

6. IN THE EVENT THE MANUFACTURER SHALL NOTIFY THE DEALER OF A CHANGE IN PRICE FOR NEW MOTOR VEHICLES OF THE SAME STYLE AND TYPE AS THE VEHICLE ORDERED BY THIS AGREEMENT, AND PRIOR TO DELIVERY OF THE VEHICLE ORDERED BY PURCHASER, DEALER SHALL HAVE THE RIGHT TO ADJUST THE CASH PRICE OF THE VEHICLE ORDERED, ONLY IN THE AMOUNT OF THE INCREASE. IN THE EVENT OF ANY SUCH CHANGE IN THE CASH PRICE, PURCHASER SHALL HAVE THE OPTION OF CONCLUDING THE PURCHASE AT THE ADJUSTED PRICE OR CANCELING THIS AGREEMENT. SHOULD PURCHASER ELECT TO CANCEL, DEALER WILL REFUND TO PURCHASER ALL AMOUNTS PREVIOUSLY PAID, AND IF PURCHASER HAS DELIVERED TO DEALER A TRADE-IN VEHICLE AS ALL OR PART OF THE PAYMENT REQUIRED, DEALER SHALL REDELIVER THE TRADE-IN VEHICLE TO PURCHASER. IF DEALER HAS SOLD THE TRADE-IN VEHICLE, DEALER SHALL PAY TO PURCHASER THE TRADE-IN ALLOWANCE FOR THE VEHICLE, LESS ANY EXPENSES INCURRED IN RECONDITIONING THE VEHICLE, AND/OR LESS ANY NEGATIVE EQUITY ADJUSTMENT.

7. PURCHASER AGREES THAT NO STATEMENT HAS BEEN MADE AS TO THE NUMBER OF MILES ON ANY NEW, USED, DEMO, RENTAL OR FACTORY OFFICIAL, EXCEPT AS SET FORTH IN THE ODOMETER MILEAGE STATEMENT AS PROVIDED BY THE FEDERAL ODOMETER LAW AND ON THE FACE OF THIS AGREEMENT AS REQUIRED UNDER THE OHIO ODOMETER LAW WHICH DOES NOT CONSTITUTE A WARRANTY, EXPRESS OR IMPLIED, OR A CONTRACTUAL TERM OF THIS AGREEMENT. PURCHASER ACKNOWLEDGES RECEIPT OF SUCH FEDERAL ODOMETER STATEMENT.

8. ANY TRADE-IN VEHICLE DELIVERED BY THE PURCHASER TO THE DEALER IN CONNECTION WITH THIS AGREEMENT SHALL BE ACCOMPANIED BY DOCUMENTS SUFFICIENT TO ENABLE THE DEALER TO OBTAIN A TITLE TO THE TRADE-IN VEHICLE IN ACCORDANCE WITH APPLICABLE STATE LAW. PURCHASER WARRANTS THAT ANY TRADE-IN VEHICLE DELIVERED TO THE DEALER IS PROPERLY TITLED TO PURCHASER AND/OR PURCHASER HAS THE RIGHT TO SELL OR OTHERWISE CONVEY SUCH VEHICLE, AND HAS NEVER BEEN A SALVAGE VEHICLE, A REBUILT OR RECONDITIONED VEHICLE, A FLOOD VEHICLE OR A LEMON BUYBACK, AND THAT SUCH VEHICLE IS FREE AND CLEAR OF ALL LIENS OR ENCUMBRANCES, EXCEPT AS MAY BE NOTED ON THE FRONT SIDE OF THIS AGREEMENT, AND THAT ALL EMISSION CONTROL EQUIPMENT IS ON THE VEHICLE AND IN SATISFACTORY WORKING ORDER, AND THE ODOMETER READING IS ACCURATE UNLESS OTHERWISE DISCLOSED. IF THERE HAS BEEN ANY MODIFICATION TO THE EMISSION EQUIPMENT OR SAFETY DEVICES OF THE VEHICLE TO BE TRADED IN, DEALER RESERVES RIGHT TO DEDUCT THE COST OF REPAIR OF SUCH EQUIPMENT OR DEVICES FROM THE USED VEHICLE ALLOWANCE GIVEN THE PURCHASER.

9. DEALER AGREES TO DISCLOSE ANY PREVIOUS DAMAGE TO A NEW MOTOR VEHICLE WHEN DEALER HAS ACTUAL KNOWLEDGE OF THE DAMAGE WHERE THE RETAIL REPAIR COST OF THE DAMAGE EXCEEDS OR EXCEEDED 6% OF MSRP (MANUFACTURER'S SUGGESTED RETAIL PRICE) EXCLUDING DAMAGE TO GLASS, TIRES AND BUMPERS WHERE REPLACED BY IDENTICAL EQUIPMENT.

10. PURCHASER ASSUMES RESPONSIBILITY TO COVER THE VEHICLE DESCRIBED ON FRONT OF THIS DOCUMENT WITH NECESSARY AND PROPER INSURANCE COVERAGE AND ALSO ASSUMES ALL LEGAL LIABILITY ARISING FROM THE OPERATION OF SAID VEHICLE FROM TIME OF DELIVERY.

11. ANY CONTROVERSY, DISPUTE OR CLAIM ARISING OUT OF OR RELATING TO THIS CONTRACT OR BREACH THEREOF SHALL BE INTERPRETED UNDER THE LAWS OF THE STATE OF OHIO, AND VENUE WILL BE IN THE STATE OF OHIO.

12. IF THIS VEHICLE IS DELIVERED PRIOR TO FINANCE APPROVAL, PURCHASER UNDERSTANDS THAT IF THIRD PARTY FINANCING APPROVAL OR ASSIGNMENT OF A RETAIL INSTALLMENT SALES CONTRACT IS NOT OBTAINED, PURCHASER AND/OR DEALER MAY CANCEL THE PURCHASE CONTRACT AND PURCHASER MUST IMMEDIATELY RETURN THE VEHICLE TO THE DEALERSHIP IN ACCORDANCE WITH THIS AGREEMENT, THE SPOT/CONDITIONAL DELIVERY AGREEMENT AND THE RETAIL INSTALLMENT SALES CONTRACT INCORPORATED HEREIN. PURCHASER ASSUMES FULL RESPONSIBILITY FOR ALL WEAR, TEAR AND/OR DAMAGE DURING THIS PERIOD AND WILL RETURN THE VEHICLE TO DEALER IN THE SAME CONDITION AS DELIVERED.

13. PURCHASER AGREES TO SIGN ALL DOCUMENTS NECESSARY TO COMPLETE THE TERMS OF THIS TRANSACTION.

14. PURCHASER HAS INSPECTED THE PRODUCT AND FINDS IT SUITABLE FOR PURCHASER'S PARTICULAR NEEDS. PURCHASER HAS RELIED UPON PURCHASER'S OWN JUDGMENT AND INSPECTION IN DETERMINING THAT THE MOTOR VEHICLE BEING PURCHASED IS OF ACCEPTABLE QUALITY.

15. PURCHASER SHALL BE LIABLE FOR ALL SALES, USE OR OTHER TAXES OF A SIMILAR NATURE APPLICABLE TO THE TRANSACTION UNLESS SUCH PAYMENT IS OTHERWISE PROHIBITED BY LAW.

16. THE FRONT AND BACK OF THIS RETAIL BUYERS ORDER, ALONG WITH ANY AND ALL DOCUMENTS INCORPORATED OR REFERENCED HEREIN, COMPRISE THE ENTIRE AGREEMENT BETWEEN THE PARTIES, AND NO OTHER AGREEMENTS OR REPRESENTATIONS SHALL BIND THE PARTIES.

Exhibit 2

# ILAW 553-OH-eps-14 9/17

### RETAIL INSTALLMENT SALE CONTRACT
### SIMPLE FINANCE CHARGE

DEAL#: 67268
CUST#: 663009

Dealer Number  258551      Contract Number  181813

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| TAYSHAWNA ROGERS<br><br>CUYAHOGA | N/A | SERPENTINI CHEVROLET OF WILLOUGHBY HILLS<br>2810 BISHOP RD<br>WILLOUGHBY HILLS, OH 44092 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Mileage | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2018 | HYUNDAI SANTE FE | 5XYZT3LB6JG530658 | ☐ estimate<br>☒ actual<br>60364 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural   ☐ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 1292.00 |
|---|---|---|---|---|
| 20.40 % | $ 15877.68 | $ 21005.04 | $ 36882.72 | $ 38174.72 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 512.26 | Monthly beginning 07/08/2021 |
| N/A | N/A | N/A |

Or As Follows: N/A

Late Charge. If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __20__ or __5__ % of each installment, whichever is __greater__.
Prepayment. If you pay early, you will not have to pay a penalty.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**NOTICE:** ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**APPLICABLE LAW**
Federal law and the law of the state of our address shown above apply to this contract.

**WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

DEAL#: 67288

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price of vehicle, accessories, and taxes — $ 19514.04 (1)
2. Other charges including amounts paid to others on your behalf
   (Seller may keep part of these amounts):
   - A. Government taxes not included in line 1 above — $ N/A
   - B. Government license and/or registration fees
     **Transfer Tag** — $ 20.00
   - C. Government certificate of title fees — $ 15.00
   - D. Net trade-in payoff to N/A — $ N/A
   - E. Optional Gap Contract — $ 999.00
   - F. Documentary Fee — $ 250.00
   - G. Other Charges (Seller must identify who is paid and describe purpose.)
     - to N/A for N/A — $ N/A
     - to AWS for TIRE AND WHEEL — $ 1499.00
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
     - to N/A for N/A — $ N/A
   
   Total other charges and amounts paid to others on your behalf — $ 2783.00 (2)
3. Total cash price (1 + 2) — $ 22297.04 (3)
4. Downpayment
   Trade-in 2014 CHEVROLET CRUZE
   (Year) (Make) (Model)
   
   Gross trade-in $ 1000.00 -payoff by seller — $ N/A
   = net trade-in $ 1000.00 +cash — $ 292.00
   +other (describe) N/A — $ N/A
   Total downpayment = (if negative enter "0" and see line 2D above) — $ 1292.00 (4)
5. Unpaid balance of cash price (3 minus 4) — $ 21005.04 (5)
6. Insurance
   - A. Cost of optional credit insurance paid to insurance company or companies
     - Life — $ N/A
     - Disability — $ N/A — $ N/A
   - B. Other optional insurance paid to Insurance Company or Companies — $ N/A
   
   Total Insurance charges — $ N/A (6)
7. Amount financed (principal balance) (5 + 6) — $ 21005.04 (7)
8. Finance charge — $ 15877.68 (8)
9. Total of payments (time balance) (7 + 8) — $ 36882.72 (9)

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before
N/A , Year N/A . SELLER'S INITIALS N/A

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 2E of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 72 Mos. AWS INC
Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X /s/ [signature]

### Limited Right to Cancel

☒ If checked, a limited right to cancel applies:
You agree that we have ___7___ days from the date you sign this contract to assign this contract. If we are unable to assign this contract within this time period, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period. Please see below for important terms of this limited right to cancel.

Electronically Filed 05/24/2022 20:03 / / CV 22 963889 / Confirmation Nbr. 2558892 / CLSZ
Buyer Initials    Co-Buyer Initials

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
**Optional Credit Insurance**
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
Credit Life $ N/A
Credit Disability $ N/A
Insurance Company Name
N/A
Home Office Address
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 6A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**
☐ N/A — N/A
    Type of Insurance — Term
Premium $ N/A
Insurance Company Name
N/A
Home Office Address
N/A

☐ N/A — N/A
    Type of Insurance — Term
Premium $ N/A
Insurance Company Name
N/A
Home Office Address
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X N/A          N/A
Buyer Signature   Date

X N/A          N/A
Co-Buyer Signature   Date

THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.

Amount of Security Interest Recording Fee Paid in Cash
$ N/A

Returned Check Charge: You agree to pay a charge not to exceed $20 if any check you give us is dishonored.

---

### Limited Right to Cancel

a. We agree to deliver the vehicle to you on the date this contract is signed by us and you. You understand that it may take a few days for us to verify your credit and assign this contract. You agree that we have the number of days stated above to assign this contract. If we are unable to assign this contract within this period of time to any one of the financial institutions with whom

DEALR: 5/266

## NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees, if this contract is subject to the limited right to cancel described on page 2, or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X_____ Co-Buyer Signs X __N/A__
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See the rest of this contract for other important agreements.

NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.
Buyer Signs X_____ Date 05/24/2021 Co-Buyer Signs X __N/A__ Date __N/A__

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X_____ Address __N/A__
Seller signs SERPENTINI CHEVROLET OF WILLOUGHBY HILLS Date 05/24/2021 By X_____ Title F&I MANAGER

Seller assigns its interest in this contract to **SANTANDER CONSUMER USA INC E01506** (Assignee) under the terms of Seller's agreement(s) with Assignee.

| Assigned without or with limited recourse | Assigned with recourse |
|---|---|
| Seller SERPENTINI CHEVRO By _____ Title F&I MANAGER | Seller _____ By _____ Title _____ |

**OTHER IMPORTANT AGREEMENTS**

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract, on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. **Your right to refinance an irregular payment schedule.** An irregular payment schedule is one with payments not scheduled to be paid in substantially equal consecutive payments. If you have an irregular payment schedule and if you are buying the vehicle primarily for personal, family, or household use, you may refinance this contract without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods put on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   d. **Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have is insurance, we may exercise our rights under this

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once (accelerate). Default means:
      1. You do not pay any payment on time;
      2. You give false, incomplete, or misleading information on a credit application;
      3. You start a proceeding in bankruptcy or one is started against you or your property; or
      4. You break any agreements in this contract.
   If your only default is that you did not pay a payment on time, we may accelerate this contract only if your default continues for at least 30 days. Otherwise, we may accelerate any time after you default. Our right to accelerate is subject to any right the law gives you to reinstate this contract.
   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   d. **How you can get the vehicle back if we take it.** If we repossess the vehicle, in many situations, the law gives you the right to pay to get it back. We will tell you what you have to do to get the vehicle back.
   e. **We will sell the vehicle if you do not get it back.** If you do not do what is required to get the vehicle back, we will sell the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the greater of the Annual Percentage Rate shown on the front of this contract, or the highest rate the law permits.
   f. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at